**John R. Snively, Appellant, v. P. T. Crownover, Appellee.**

Gen. No. 9,929.

the October term, 1943. Heard in this court at Opinion filed January 26, 1944.

·JOHN R. SNIVELY, *pro se.*

LOUIS F. REINHOLD, of Freeport, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

John R. Snively started suit against P. T. Crown-over in the circuit court of Stephenson county, for rent due, and damage alleged to have been caused to the demised premises, by the defendant. The complaint filed on April 21, 1942, consists of two counts. The first count alleges that on August 25, 1939, a written lease was entered into between the Federated Construction Bureau and the defendant, wherein certain premises were leased for one year, to be used as a dwelling house, at a stated rental of $45 per month; that said lease was for a valuable consideration, assigned and transferred to the plaintiff; that said defendant entered into possession of said premises and continued to occupy the same after the expiration of the time mentioned in the lease, and continued paying monthly rent for the same, until March 3, 1941, when he abandoned the premises; that by the terms of the lease, the tenant became a tenant from year to year, and has failed to pay the rent for April, May, June, July and August 1941, and owes the plaintiff the sum of $225.

The second count is practically the same as the first count with exception as to the payment of the rent. The second count alleges that the lease provided that at the expiration of the time mentioned in the lease, or upon a termination thereof, by forfeiture or otherwise, the tenant was to return the premises in as good condition as they were when he entered upon them, loss by fire, etc., excepted; that he would keep said premises in good repair at his own expense, and restore the. premises with glass of like quality in all of the windows thereof, in as good condition as the same were;

that he would not injure or deface the building; or permit the same, or any part, to be injured or defaced; that notwithstanding the said covenant in said lease, the defendant injured and defaced the walls, floors, doors, woodwork, linoleum, window glass, storm window fasteners, and the furnace in the building, or permitted the same to be done, and failed to restore the same in as good condition as it was when he entered upon the premises; to the damage of the plaintiff of $1,500. The second count was amended so as to make it more specific as to the claims by the plaintiff, because of the injury to the buildings, etc.

The defendant filed an answer and states four separate and distinct defenses to plaintiff's cause of action. "First—That through error, fraud or mistake there had not been incorporated in the lease the agreed provision that said lease should be considered as a lease from month to month unless bus transportation facilities became available passing the demised premises to enable two sons of defendant to attend school; and that before August 25, 1940, the date of the expiration of the lease in question, plaintiff, assignee of said lease, was apprised of the aforesaid arrangements by the defendant; that plaintiff and defendant then agreed upon said conditions and arrangements; that is, that the tenancy under the lease under which defendant was holding over was a month to month tenancy provided bus facilities did not become available for defendant's children. Second—That in the month of February, 1941, no such bus transportation facilities having become available, said defendant on March 3, 1941, vacated said demised premises, surrendered the same to plaintiff, paid the rent in the sum of $45.00 for the said month of March, 1941, to plaintiff and that plaintiff accepted the possession of said premises and the March rent. Third—That plaintiff upon the surrender of the demised premises to him did not take proper and reasonable steps to

re-rent said premises. · Fourth—That defendant did not in any manner injure or deface any part or parts of the buildings on the demised premises and that the same were surrendered to plaintiff in as good condition as when entered, excepting only as to inevitable accident and ordinary wear.''

The case was set for trial on March 18, 1943, before a jury. On March 16, 1943, the defendant filed a motion to dismiss the suit for failure of the plaintiff to file a reply to the affirmative matter set forth in his answer. The court sustained the motion and dismissed the complaint and rendered judgment in favor of the defendant and assessed the costs of the suit against the plaintiff. It is from this judgment that this appeal is prosecuted.

On the same day that the motion to dismiss was decided, the appellant filed a motion for leave to file a reply to the affirmative matter set forth in the answer of the defendant, and at that time presented the reply, which he wished to file. The court refused to allow the reply to be filed. It is insisted by the appellee that this motion for leave to file a reply was not presented until· after the court had ruled on his motion to strike. The rules of this court provide in part as follows: ''A record to be filed on appeal or on petition for leave to file shall be arranged in a chronological order substantially as follows: Copies of process of service, pleadings, orders, motions, affidavits and verdict, etc.'' The record, as filed in this case, shows that the· motion for leave to amend the complaint and to file a reply to the affirmative matter set forth by the defendant appellee was filed before the court ruled upon the motion to strike. This court is bound by the record as it appears, and must assume the motion to amend was filed before the court passed on the motion to strike. Section 170, chapter 110 of Smith-Hurd's Ann. Stats. being 46 of the Civil Practice Act [Jones Ill. Stats. Ann. 104.046], the first paragraph

of said section is as follows: "At any time before final judgment in a civil action, amendments may be allowed on such terms as are just and reasonable, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand."

It has been the policy of the courts of this State that the trial court should be liberal in its ruling to amend pleadings, made in the furtherance of justice. We think the court should have allowed this reply to have been filed.

The fourth paragraph of the defendant's answer tenders an issue to the second count of the plaintiff's complaint. There was no new matter set forth in the fourth paragraph of the answer, but it is purely a denial of the plaintiff's charge that the defendant had damaged the premises at the time that he occupied them under the lease.

It is our conclusion that the court erred in dismissing the complaint of the plaintiff, but should have allowed him to file his reply, also that an issue of fact was presented as to the second count of the plaintiff's declaration that should have been submitted to the jury for its consideration.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*